UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALETHEA JEANES-SOWELL,

                Plaintiff,            Case No.
                                            Hon.

vs.

CITIZENS BANK, N.A.
a Delaware corporation,

                Defendant.
_____/
Gerald D. Wahl (P26511)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
gwahl@sterlingattorneys.com
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, by and through her counsel, Sterling Attorneys at Law, P.C., in order to complain against Defendant, Citizens Bank, for the following reasons:

**JURISDICTIONAL ALLEGATIONS**

1.      Plaintiff is a resident of Oak Park, Oakland County, Michigan and is an adult citizen of the United States.

2.      Defendant, Citizens Bank, is organized and exists under the laws of the State of Delaware with its principal place of business in Rhode Island, and is an employer within the meaning of the statutes cited herein.

3.      Plaintiff timely filed charges of race, gender, age discrimination, and retaliation with the Equal Employment Opportunity Commission (EEOC) and this suit is brought within 90 days of the issuance of a Right to Sue.

4.      Jurisdiction over the state claims is asserted as the parties are residents of different states and the amounts in controversy exceed $75,000 as to each count.

## COMMON ALLEGATIONS

5.      Plaintiff is 52 years of age.

6.      Plaintiff is an African American female.

7.      Plaintiff began her employment with Defendant April 11, 2003 as a Business Development Officer, and in the next 12 ½ years increased her salary by 60% and received three promotions, finally occupying the position of Branch Manager for nearly eight years before she was terminated on November 2, 2015.

8.      At all times pertinent hereto, Plaintiff performed her job duties in a competent fashion as is evidenced by her longevity, performance against her metrics, and for the most part, performance evaluations, which routinely were "Meets" or "Exceeds."

9.     Plaintiff worked within the northwest region which obtained a new Regional Manager, Erin Anderson ("Anderson," formerly Vincent), in January 2013.

10.     During the next three years, Anderson either terminated, demoted, or forced to resign in a disproportionate number, blacks, women, and older Branch Managers, thereby engaging in practices and patterns of discrimination based on age, race, and gender.

11.     As to age, Ms. Anderson asked Plaintiff her age (then 52) and brought it up on repeated occasions thereafter, evidencing age consciousness.

12.     An indication of Ms. Anderson's attitudes and expressed bias was the first meeting Ms. Anderson had with the Branch Managers in January 2014 where she exclaimed "Boy, we have a lot of girls in here; we need more boys!"

13.     The statement by Ms. Anderson caused a great deal of discussion amongst the Branch Managers after the meeting.

14.     By the time of Plaintiff's termination, the Branch Managerships under Anderson was younger, more male, and less African American.

15.     During the course of the nearly two years Plaintiff reported to Anderson, the census at the Branch Manager meetings decreased from five African Americans to only one.

16.    Moreover, Ms. Anderson had expressed discomfort and awkwardness during the first meeting with Ms. Jeanes-Sowell, Plaintiff believes because of their respective races.

17.    The reasons for Plaintiff's termination articulated by the Defendant, her performance, mostly customer satisfaction scores, was false and pretextual, intended to cover-up for illegal discrimination, Plaintiff's age, race, gender, and complaining of discrimination, causing her termination.

18.    Plaintiff was replaced by a less qualified candidate significantly younger than Plaintiff, and Caucasian.

19.    Defendant has relied on "verbal warnings" as being issued to the Plaintiff as evidence of her poor performance; there were none.

20.    Plaintiff's performance metrics were trending positive by the time she was fired in November 2015.

21.    The performance expectations and applied standards were different based on race, age, and gender in Ms. Anderson's region.

## COUNT I – RACE DISCRIMINATION – TITLE VII

22.    Plaintiff incorporates paragraphs 1-20 above as though fully restated herein.

23.    Defendant's written warnings and ultimately termination were based on Plaintiff's race, black.

24.     Defendant willfully violated Plaintiff's federally protected rights to be free of race discrimination.

25.     As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant for punitive damages in the amount of $300,000 based on the number of employees of Defendant, consequential damages, damages for economic losses, costs and attorneys' fees.

## COUNT II – ELLIOTT-LARSEN CIVIL RIGHTS ACT – RACE DISCRIMINATION

26.     Plaintiff incorporates paragraphs 1-24 above as though fully restated herein.

27.     As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant for consequential damages, damages for economic losses, costs and attorneys' fees.

## COUNT III – 42 USC 1981 – RACE DISCRIMINATION

28.     Plaintiff incorporates paragraphs 1-26 above as though fully restated herein.

29.     Defendant willfully violated Plaintiff's federally protected rights to be free of race discrimination.

30.     As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant for unlimited punitive damages, consequential damages, damages for economic losses, costs and attorneys' fees.

## COUNT IV – RETALIATION UNDER
## TITLE VII AND 42 USC 1981

31.     Plaintiff incorporates paragraphs 1-29 as though fully restated herein.

32.     Plaintiff complained of race discrimination to Defendant's Human Resources representative on or about May 29, 2015, a complaint that was neither resolved nor followed-up upon.

33.     Plaintiff was told by the Human Resources representative that Anderson would be contacted regarding Plaintiff's allegations.

34.     Shortly thereafter, on July 15, 2015, Plaintiff received a "final written warning," and ultimately terminated.

35.     Defendant willfully violated Plaintiff's federally protected rights to be free from retaliation for having complained of race discrimination.

36.    WHEREFORE, Plaintiff prays for judgment against Defendant for unlimited punitive damages, consequential damages, damages for economic losses, costs and attorneys' fees.

## COUNT V – ELCRA – RETALIATION

37.    Plaintiff incorporates paragraphs 1-35 above as though fully restated herein.

38.    As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of $300,000 based on the number of employees of Defendant, consequential damages, damages for economic losses, costs and attorneys' fees.

## COUNT VI – GENDER DISCRIMINATION – TITLE VII

39.    Plaintiff incorporates paragraphs 1-37 above as though fully restated herein.

40.    Defendant's written warnings, and ultimately, termination, were based on Plaintiff's gender, female.

41.    Defendant willfully violated Plaintiff's federally protected rights to be free of gender discrimination.

42.    As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant for punitive damages in the amount of $300,000 based on the number of employees of Defendant, consequential damages, damages for economic losses, costs and attorneys' fees.

### COUNT VII – GENDER DISCRIMINATION – ELCRA

43.   Plaintiff incorporates paragraphs 1-41 above as though fully restated herein.

44.   As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant for consequential damages, damages for economic losses, costs and attorneys' fees.

### COUNT VIII – ADEA – AGE DISCRIMINATION

45.   Plaintiff incorporates paragraphs 1-43 as though fully restated herein.

46.   Defendant willfully violated those protections afforded Plaintiff under the ADEA in its treatment of her during the last two years of her employment, up to and including her termination.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, money damages, liquidated damages, costs, and attorneys' fees.

## COUNT IX – AGE DISCRIMINATION – ELCRA

47.    Plaintiff incorporates paragraphs 1-45 above as though fully restated herein.

48.    As a result of Defendant's illegal acts as aforestated, Plaintiff has suffered an injury and economic losses, both present and future.

WHEREFORE, Plaintiff prays for judgment against Defendant for consequential damages, damages for economic losses, costs and attorneys' fees.

### JURY DEMAND

Plaintiff, Alethea Jeanes-Sowell, by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:    /s/Gerald D. Wahl
       Gerald D. Wahl (P26511)
       Attorneys for Plaintiff
       33 Bloomfield Hills Pkwy., Ste. 250
       Bloomfield Hills, MI 48304
       (248) 644-1500
       gwahl@sterlingattorneys.com